# Ebbert's Appeal.

1. A deed to persons as tenants in common, who are partners, must, as to *purchasers* of the title and *creditors* having liens on it, stand as the foundation of their rights and govern in distributing the proceeds of a sale of the title.

2. As to creditors, the effect of such deed cannot be changed by parol evidence, and the land converted into partnership assets, so as to affect the liens of otherwise preferred creditors.

3. As between the partners, a trust may result to the firm and the proceeds of the land be assets of the partnership, when they so treated the title and paid for it from partnership funds.

4. Partners can direct the application of the firm funds, and secure their identity in the kind of title they take for them.

5. If they take the title as tenants in common, they give character to the title as to those who afterwards deal with them.

6. It is the duty of counsel to furnish to the court an argument, with authorities.

7. Cumming's Appeal, 1 Casey 268 ; Erwin's Appeal, 3 Wright 535 ; Hale *v.* Henrie, 2 Watts 143 ; Kramer *v.* Arthurs, 7 Barr 165 ; Lancaster Bank *v.* Myley, 1 Harris 544 ; McDermott *v.* Laurence, 7 S. & R. 438 ; Ridgway's Appeal, 3 Harris 177, approved ; Abbott's Appeal, 14 Wright 234, distinguished.

November 3d 1871. Before Thompson, C. J.; Read, Agnew, Sharswood and Williams, JJ.

Appeal from the decree of the District Court of *Allegheny county* : No. 78, to October and November Term 1871.

The decree in the court below was in the distribution of the proceeds of the sale of real estate under an execution against " G. L. Ebbert and Ardel Maclind, partners trading as Ebbert & Maclind." The sheriff returned the land sold for $2650, which was referred for distribution to D. T. Watson, Esq., as auditor.

He reported that the defendants in the execution were partners in Allegheny county. On the 31st of March 1868, Andrew Kloman and Henry Phipps conveyed to " Goddard L. Ebbert and Ardel Maclind" two lots of land adjoining their place of business : The grant was in the usual form : " Do grant, bargain, sell * * *

[Ebbert's Appeal.]

unto the party of the second part, their heirs and assigns * * * to have and to hold the said two described lots * * * unto the said party of the second part, their heirs and assigns," &c. The lots were bought for partnership purposes; they were paid for by partnership property, being castings manufactured by the firm, and they were used for partnership purposes; but it nowhere appeared in the deed, nor could it be discovered in any way from it, that the lots were so paid for or so to be used.

On the 15th of April 1870, G. L. Ebbert recovered a judgment for $1852.61 against his partner, Ardel Maclind, on a settlement of their partnership accounts.

Ebbert before the auditor claimed that this judgment should be paid out of the proceeds of the lots, on the ground that the lots were partnership property, and this judgment was a partnership debt.

The auditor decided that the judgment was a partnership debt, but that the lots being conveyed to the partners as tenants in common, could not, as to creditors, be shown by parol to be partnership property. He therefore refused to award to Ebberts anything on account of his judgment out of the fund for distribution.

The court, after exceptions, confirmed the auditor's report.

Ebbert appealed to the Supreme Court, and assigned the decree of confirmation for error.

*M. A. Woodward,* for appellant.—As between the partners and their real and personal representatives, real estate, bought with partnership funds for partnership purposes, is to be treated as partnership and not individual property, although the partners do hold the legal title as tenants in common: Abbott's Appeal, 14 Wright 234; Kramer *v.* Arthurs, 7 Barr 165. A judgment-creditor is not within the protection of the recording acts: Cover *v.* Black, 1 Id. 493; Rodgers *v.* Gibson, 4 Yeates 111; Heister *v.* Fortner, 2 Binn. 46; Britton's Appeal, 9 Wright 176; Stewart *v.* Freeman, 10 Harris 120; Dougan *v.* Blocher, 12 Id. 28; Hale *v.* Henrie, 2 Watts 143; Ridgway, Budd & Co.'s Appeal, 3 Harris 177. The fact of purchase with partnership funds for partnership purposes is sufficient evidence that the land was partnership property: Abbott's Appeal, Kramer *v.* Arthurs, *supra;* Dyer *v.* Clark, 5 Met. 562; Hoxie *v.* Carr, 1 Sum. 173; 3 Kent's Com. 41, note; Parsons on Contracts 364, *et seq.;* Shryock *v.* Waggoner, 4 Casey 430; Fillman *v.* Divers, 7 Id. 429; Lancaster Bank *v.* Myley, 1 Harris 544.

The ownership of the money which purchased, draws to itself the beneficial or equitable interest in the estate. And such equitable title, though resting in parol proof, is exempted from the Statute of Frauds and Perjuries: Edwards *v.* Edwards, 3 Wright 369; Beck *v.* Graybill, 4 Casey 66. In a purchase with partner-

[Ebbert's Appeal.]

ship funds, although the deed be to the partners as tenants in common, a trust results to the firm as if the conveyance was to one partner: Erwin's Appeal, 3 Wright 535; Moderwell v. Mullison, 9 Harris 257; Brightly's Eq. 180; Kramer v. Arthurs, 7 Barr 165; Allison v. Wilson, 13 S. & R. 330; Morrow v. Brenizer, 2 Rawle 185; Sigourney v. Munn, 7 Conn. 11; Buchan v. Suman, 2 Barb. Ch. 165; Purce v. Triggs, 10 Leigh 406; Kendal v. Rider, 35 Barb. 100; Buffum v. Buffum, 49 Me. 108; Willis v. Freeman, 35 Vt. 44; Fowler v. Bailey, 14 Wis. 125; Dupuy v. Leavenworth, 17 Cal. 262; Lacy v. Waring, 26 Ala. 625; Holland v. Fuller, 13 Ind. 195; Collyer on Part. 127; Parsons on Part. 364, 346; Lynch v. Cox, 11 Harris 265.

There was no paper-book for appellee.

The opinion of the court was delivered, May 13th 1872, by

AGNEW, J.—We are pressed by the able argument for the appellant, and also by the doubt intimated by the auditor, to reverse this decree. But we cannot, without overruling a number of decisions heretofore made. The principle of *stare decisis* is too valuable, and the equity set up to overturn it too subtle to induce us to override so many cases. It is certainly determined, in a long train of decisions, that as to *purchasers* of the title and *creditors* having liens on it, a deed to persons who are in fact partners, but who take the title to themselves as tenants in common, must stand as the foundation of their rights, and govern in the distribution of the proceeds of a sale of the title. Partnership creditors cannot by parol evidence change the effect of the deed, and convert lands so individually held into assets of the partnership, and thereby dislodge and postpone the otherwise preferred liens of individual creditors. The following decisions sustain these propositions: Hale v. Henrie, 2 Watts 143; McDermot v. Laurence, 7 S. & R. 438; Ridgway, Budd & Co.'s Appeal, 3 Harris 177; Kramer v. Arthurs, 7 Barr 170; Lancaster Bank v. Myley, 1 Harris 544; Cumming's Appeal, 1 Casey 268; Erwin's Appeal, 3 Wright 535. Reliance has been placed upon Abbott's Appeal, 14 Id. 234. But in that case our Brother Read cites these cases without disapprobation, and distinguishes them from the case before him on the ground that they related to *purchasers* and *creditors*, while the case he was determining was one between the partners themselves. The distinction is just, and was fitly taken in Abbott's Appeal. As between the partners themselves, it is perfectly proper to infer a resulting trust for the firm, and to treat the proceeds of the land as assets of the partnership, where it is clearly shown that they so regarded the title themselves, and had paid for it out of the partnership funds. But partners who take a deed in their individual right as tenants in

20 P. F. SMITH—6

common, stand in a very different relation to the public. Their act tends to mislead both purchasers and creditors trusting the apparent state of the title. It is unlike a resulting trust for a third party, whom it would be a fraud to deprive of his estate. Hence the trust for him, if valid, will be protected against all persons, except when affected by the recording acts, or a want of notice. But partners being the owners of the money which pays for the title, have the power of directing its application to suit their own purposes, and can, if they choose, always secure the identity of its character in the kind of title they take for it. If, therefore, they take the title to themselves as tenants in common, instead of as partners, they by their own election stamp the character of the title taken as to those who afterwards deal with them. Hence it is that Judge Sergeant, in Hale v. Henrie, puts the case in part on the ground that it would be contrary to the Statute of Frauds, in stamping a character on the title inconsistent with that appearing on the deed and record, to the prejudice of third persons. He refers to the recording acts also, but evidently in view only of their spirit, which forbids secret conveyances. It is contended by the appellant that a creditor is not within the recording acts, and not entitled to notice of the true character of the title, and cites for this Rodgers v. Gibson, 4 Yeates 111; Lessee of Heister v. Fortner, 2 Binn. 46; Cover v. Black, 1 Barr 493, and Beilton's Appeal, 9 Wright 176. It is true, that the recording acts extend only to purchasers and mortgagees, and their effect is to defeat an unrecorded deed as to subsequent purchasers and mortgagees without notice of it, while [a creditor is not protected against the unrecorded deed, but must stand on the title as it was in fact when his lien attached. This is very different, however, from the use of parol evidence to alter the effect of the deed itself which displays the title. To alter a deed so as to make it of different import, offends against the spirit of all those laws made to protect the public against fraud and secret titles, and prevent a change of right to the prejudice of those who deal upon the apparent legal operation of the instrument. The covinous character of the change in the title in such case is of a kind with that forbidden by the statutes of 13 and 27 Elizabeth, and the Statute against Frauds and Perjuries. Of the merits of the debts of the respective claimants in this case we know nothing; but it is very clear that honest creditors, who are led to give credit to the individual partners on the apparent state of the title in them individually, ought not to be met afterwards by a change of face in the deed by which it takes a partnership aspect contrary to its terms.

Before leaving this case, we must express our disapprobation of the omission to give us a paper-book on part of the appellee. Under the influence of the able argument and array of authori-

ties presented by the appellant, the appellee was in danger of a reversal of his decree. The pressure of business upon this bench demands all the aid we can receive from counsel, who owe a duty to their client and to the court to furnish an argument and all the authorities within reach.

Decree affirmed, with costs.