## Kepler, et al., *versus* Erie Dime Savings and Loan Company.

1. Upon a scire facias to revive a judgment, which was served on the defendant and on the voluntary assignee for the benefit of creditors of a firm of which the defendant was a member, as terre-tenant, the latter, being a mere volunteer, cannot defeat a judgment of revival by averring generally, in an affidavit of defence, that the real estate assigned to him was partnership real estate, and as such not subject to the lien of a judgment against one partner; and further, that the assigned estate being insufficient to pay partnership creditors, no surplus would remain for individual creditors. The plaintiff in such case is entitled to a judgment of revival, without prejudice to the subsequent determination of the respective rights of partnership and individual creditors.

2. Requisites of a conveyance of land to members of a firm, to charge individual creditors and others with notice that the land is held as partnership property—considered.

December 4th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

ERROR to the Court of Common Pleas of *Erie county :* Of July Term 1882, No. 215.

This was a scire facias, issued September 29th 1881, by the Erie Dime Savings & Loan Company against S. P. Kepler, with notice to terre-tenants, to revive and continue the lien of a judgment obtained October 19, 1876, by the said Erie Dime &c. Co. against said S. P. Kepler. The writ was served on said defendant and on Frank Gunnison, as terre-tenant. The latter filed the following affidavit of defence :—

" Frank Gunnison being duly sworn says he has been served with a copy of the writ in the above stated case, which was served on him, as he supposes, on the supposition that he is the terre-tenant of lands formerly owned by the above named defendant.

" That on or about October 1876, the above named defendant, with William P. Hayes, who were then doing business as a partnership, under the firm name of Hayes & Kepler, made an assignment to this deponent for the benefit of creditors, of all the property of said firm, and in said assignment conveyed to this deponent a large quantity of real estate which was incumbered with mortgage liens, the debts of said firm of Hayes & Kepler. That said liens greatly exceeded, in amount, the value of all the real estate that passed to this deponent by virtue of said assignment.

" That the said S. P. Kepler, the above named defendant, had no interest in said lands other than as a partner in the firm of Hayes & Kepler, and that said assigned real estate was all the property of the said partnership, and not of the said defend-

[Kepler *v.* Erie Dime Savings & Loan Co.]

ant, and consequently was not subject to the debts of said defendant, except so far as his interest in any surplus that remains after the payment of the partnership debts of said partnership is concerned ; the assigned property will not pay the said partnership debts, and the said defendant can therefore have no interest in said lands. He therefore believes the original judgment of the plaintiff was no lien upon the property assigned to him by said partnership, and cannot be made a lien by the scire facias to revive said judgment. He further says, none of the individual property of said defendant was assigned or conveyed to him. All of which he expects to be able to prove at the trial of this case. And further he saith not."

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defence, which the court (McDermitt, P. J., holding a certified court) made absolute, whereupon the defendant took this writ of error, assigning for error the said judgment for want of a sufficient affidavit of defence.

*Frank Gunnison,* for the plaintiff in error.

*E. L. Whittelsey* (*Henry Souther* with him), for the defendant in error.

Mr. Justice Green delivered the opinion of the court, December 30th 1882.

It is true that the affidavit of defence alleges that the real estate assigned to the affiant was the property of the partnership of Hayes & Kepler, but that is the only averment it makes on that subject. The other allegations are merely conclusions of the affiant which may or may not be correct. Thus he says that, "consequently" the property was not subject to the debts of the defendant, except as to any surplus remaining after payment of the partnership debts, and that there can be no such surplus because the assigned property is not sufficient to pay the debts. He then expresses his belief that the plaintiff's judgment was not a lien upon the property assigned to him, and closes the affidavit. We are clearly of opinion that the affidavit does not disclose sufficient facts to prevent a judgment of revival. In the case of Lefevre's Appeal, 19 P. F. Smith 122, the present Chief Justice showed, in a careful review of the authorities, that even when real estate was purchased with the money of a firm, and title taken in the name of the firm, it was not enough to convert it into personalty as partnership property. In order to accomplish that result as to strangers, purchasers, mortgagees and creditors, the fact that the property is held as partnership property must be expressed on the face of the deed

itself, or else some agreement in writing to that effect must have been executed by the members of the firm and duly recorded. If this has not been done, notice of the character of the real estate as partnership property must have been brought home to a purchaser or creditor before he can be affected by it. It will be perceived that the facts which will give the quality of personal estate to partnership land are exceptional and special. They cannot be presumed, but must be alleged and proved, if one who is either a purchaser or creditor is sought to be affected. It is essential that the affidavit of defence, in a case like the present, must set forth the facts which are necessary to defeat the revival of the plaintiff's judgment. All the actual facts alleged in this affidavit may be strictly true, and yet it would not necessarily follow that the plaintiff is not entitled to judgment. It is the exhibition of this peculiar kind of title to the public that gives immunity to real estate so held, from the claims of lien creditors of the individuals composing the firm. If it does not appear on the face of the deed, or by some recorded agreement in writing, that the land in question is held as partnership land, it does not have that quality. This fact then, being vital, must be specially alleged, and in case of contest, must be proved, in order to defeat the plaintiff's claim.

Especially is this the case where, as here, the proceeding is simply a scire facias to revive the judgment against the original defendant, and one who is his assignee for the benefit of creditors. Such an assignee is not a purchaser. He is a mere volunteer standing in the place of the assignor, and as a general rule has no rights against the lien creditors of the assignor, which the latter did not himself have. In Luckenbach *v.* Brickenstein, 5 W. & S. 145, it was held that assignees under a voluntary assignment for the benefit of creditors have no rights as against a mortgage creditor which could not be claimed by the assignor himself. In Ludwig *v.* Highley, 5 Barr, on p. 137, we said, " The assignees being mere volunteers are regarded but as the agents of the assignor, standing in his place, and consequently, as a general rule, take only such rights and interests as he himself had, and could claim, at the time of the assignment made." It is only necessary to add that the defendant in this case makes no defence against the revival of this judgment, and further, that this is not a proceeding for the distribution of the proceeds of the sale of the land of the defendant. Hence we decide nothing more than the mere question of revival. If it shall turn out hereafter that there are partnership creditors claiming that any real estate which the defendant held, either as a partner or otherwise, at the time the writ in this case was issued, was really partnership property,

[Mosgrove *v.* Golden.]

and not subject to the lien of this judgment, their rights will not be in the least degree prejudiced by the decision of this case.

Judgment affirmed.