## Duffy v. Duffy et al.

*Leonard F. Markel, Jr.*, for plaintiff.
*Harry J. Alker, Jr.*, for defendants.

DANNEHOWER, J., February 7, 1951.—Plaintiff, brother of the two defendants, has filed this bill in equity, praying the court to decree partition of certain premises held by him and defendants as joint tenants with the right of survivorship. Defendants resist par-

tition, by alleging as new matter in their answer that it was orally agreed prior to the purchase of the property that it should be held as a family home until such time as there be but one survivor. They further aver that property so held may not, as a matter of law, be the subject of judicial partition. These pleadings, therefore, present the following

## Questions

1. May partition of property held in joint tenancy with right of survivorship be properly decreed?

2. If so, may testimony tending to establish an oral agreement among the tenants restricting judicial partition be admitted in evidence?

3. If such testimony establishes the fact, does this operate to deny one tenant the right to have a judicial partition of the premises?

## Findings of Fact

1. On June 30, 1942, J. Frank Duffy, Helen I. Duffy, and Elizabeth M. Duffy, brother and sisters, purchased the certain premises more particularly described in the fourth paragraph of the bill.

2. The habendum clause of the deed by which the property was granted, provides that the aforementioned grantees are: "To have and to hold the said lot or piece of ground with the buildings and improvements thereon erected, hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenants, unto the said grantees, and the survivor of them, and the heirs and assigns of such survivor forever, it being expressly understood that said grantees hold title as 'joint tenants' and not as 'tenants in common'."

3. Plaintiff was unmarried at the time the premises were acquired, but had one living daughter by a previous marriage, which had ended in divorce in 1929.

He remarried in 1948, and a child has since been born of that union.

4. Plaintiff lived on the property with defendants for a period beginning shortly after the above purchase until June of 1949, when he and his family left to establish a new home.

5. At the time of the purchase, the father and a semi-invalid brother of the parties were still living.

6. Prior to the execution of the deed, plaintiff and defendants orally agreed with one another that the property would be held by them as joint tenants with the right of survivorship, and that their joint ownership would continue until there was but one survivor, it being intended that the premises serve as a family home for all.

### Discussion

It seems clear at the outset that the mere fact the property is held in joint tenancy with the right of survivorship does not prevent judicial partition: Becker et al. v. Baumann et al., 51 Lanc. 349 (1949). Reference to the early legal history of partition clearly establishes the proposition.

At common law, the right of survivorship was an automatic incident of a joint estate (2 Blackstone Commentaries 183), and the statute of 31 Henry VIII, chap. 1, granted a writ of partition as to such estates. This statute was inherited in Pennsylvania, as a part of its common law (Dana v. Jackson, 6 Pa. 234 (1847)), and hence, in the absence of any conflicting legislation our law is clearly to the effect that partition of joint estates with the right of survivorship may be decreed. Far from there being any contrary legislation, the Act of April 7, 1807, P. L. 155, 12 PS §1694, confirms the above, providing that there may be partition of properties so held. It is hardly necessary to observe that at that time also one of the incidents of an estate held in joint tenancy was the right of sur-

vivorship, that right ceasing to be automatically included in such estate only after the Act of March 31, 1812, 5 Sm. L. 395.

Deferring, for the moment, a discussion of the evidence tending to establish the fact of an oral agreement among the parties that the premises be kept as a family home, we turn to the question of whether testimony to that effect may be accepted by the court. Plaintiff has urged that such testimony varies or contradicts the terms of the grant, and therefore must be excluded under the parol evidence rule. The rule does not apply under these circumstances, however, the general proposition being that the true relation of the parties on one side of a contract may, as between themselves, be proven by parol: 20 Am. Jur., Evidence, §1125.

The case of Ebbert's Appeal, 70 Pa. 79 (1871), affords us an illustration of the foregoing principle. There it was held that where two persons take title to realty as tenants in common, as between the two, parol evidence is admissible to establish the fact that it was partnership property. In its essence, the situation in the instant case is quite similar and, we hold, is governed by the foregoing principles.

The evidence concerning the agreement was wholly contradictory, and consisted solely of testimony by the parties to the proceeding. We are satisfied, however, from the circumstances of the parties prior to their acquisition of the premises, and from their demeanor on the stand, that the weight of the credible evidence establishes an agreement that the property be held as a family home.

Finally, then, may equity take cognizance of the agreement, and enforce it by refusing to decree partition?

"As a general rule, interests in land held in com-

mon are the subject of partition, but, nevertheless, partition is not always demandable of right, but, like all equitable relief, is a matter of discretion in the chancellor; and when a case is presented where equity would demand that partition should be refused, the chancellor is authorized to dismiss the bill . . .": 14 Standard Pa. Practice 17, 18.

Specifically this equity has been held to exist not only where there has been a writing the import of which was an agreement not to partition (Coleman v. Coleman, 19 Pa. 100 (1852)), but even where the circumstances alone indicated that the parties contemplated no right of partition: Latshaw's Appeal, 122 Pa. 142 (1888). If such an agreement may be implied and operate to cut off the right to partition, certainly the same result must obtain where there was an express, though oral, agreement, for it matters not what establishes the fact so long as it is competently established.

In view of the foregoing findings of fact and discussion, the chancellor draws the following

### Conclusions of Law

1. Equity has jurisdiction.

2. Property held in joint tenancy with the right of survivorship may be the subject of partition, provided there be no valid agreement among the tenants prohibiting it.

3. Parol evidence is admissible to establish that the parties, who took title as joint tenants with the right of survivorship, had orally agreed that the premises be kept by them as a family home until there was but one survivor.

4. The parol agreement between plaintiff and defendants, that the premises described in paragraph four of the bill should be kept by them as a family

home until the last survivor, operates to bar plaintiff from obtaining partition.

## Decree Nisi

And now, February 7, 1951, the bill is dismissed, at the cost of plaintiff. Notice is to be given by the prothonotary, as required by the rules of equity practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi shall become the final decree as of course.

### OPINION SUR EXCEPTIONS

DANNEHOWER, J., May 8, 1951.—The chancellor dismissed this bill in equity brought by a brother against his two sisters, praying partition of certain premises held by them as joint tenants with right of survivorship.

Plaintiff has excepted to the sixth finding of fact, the fourth conclusion of law and the decree nisi, which held in effect that these three parties orally agreed that the joint ownership should continue until there was but one survivor, it being intended that the premises serve as a family home for all, and such oral agreement operates to bar plaintiff from obtaining partition. Plaintiff now contends that there was not sufficient evidence to establish clearly that the premises were to be maintained as a family home until there was but one survivor, so that there should be no partition during the lifetime of the three parties.

A review of the testimony discloses that both defendants stated positively that before the deed was executed, it was agreed among the three "that it should be a home for life for the three of us, until the last survivor. At that time our father was living and we also had an invalid brother and it was decided that the last one should take care of my brother, if he were living at that time"; "It was to be a home for the last

one"; "For two years we looked for a house as a family home definitely and it was bought in pursuance to that agreement"; "We would always need a home up to the last survivor"; "We didn't want to give up our home."

Plaintiff lived with his two sisters, aged father and invalid brother from the time this property was purchased until May 1949, when he was married and moved away. He and his one sister were school teachers and the other sister was the housekeeper. Now, plaintiff seeks to partition this family home against the oral agreement and understanding of the parties. One of the parties cannot avoid his contract by compelling partition, during the continuance of the conditions which entered into the consideration of the contract which induced the purchase. This home was bought for a special purpose, a family home for all, and as long as the necessity for that use continues, it cannot be destroyed by the act of one of the parties without the consent of the others.

Partition is not always demandable of right, but, like all equitable relief, is a matter of discretion in the chancellor; and when a case is presented where equity would demand that partition be refused, the chancellor is authorized to dismiss the bill.

We find that there is sufficient credible evidence which clearly establishes an oral agreement that the premises be kept by them as a family home until the last survivor and we believe it would be inequitable and unjust to decree partition in favor of a brother, who has married and removed, against his two sisters, who were induced to put their money in a family home until the last survivor.

And now, May 8, 1951, for the foregoing reasons, plaintiff's exceptions are dismissed and the decree nisi is entered as a final decree.