CAROL J. ALEXANDER & another[1] vs. REBECCA A. SNELL.

Plymouth. May 15, 1981. — August 6, 1981.

Present: BROWN, ROSE, & DREBEN, JJ.

*Real Property*, Partition. *Joint Tenants. Evidence*, Extrinsic affecting writing. *Frauds, Statute of.*

In an action by plaintiffs to enjoin their joint tenant from conveying or seeking a partition of the real estate in violation of an oral agreement, the defendant was not entitled to summary judgment on the basis of either the parol evidence rule or the Statute of Frauds since there had been no determination of fact as to whether the deed creating the joint tenancy constituted the entire agreement of the parties or whether there had been part performance by the plaintiffs with the assent of the defendant in reliance on the agreement. [324-325]

CIVIL ACTION commenced in the Superior Court Department on January 11, 1980.

The case was heard by *Dolan*, J., on a motion for summary judgment.

*John Clark Wheatley* for the plaintiffs.

*Charles C. Parris* for the defendant.

DREBEN, J. The plaintiffs, joint owners with the defendant of a house and land in West Bridgewater, brought this action to enjoin the defendant from conveying or seeking a partition of the real estate in violation of an oral agreement. The defendant's motion for summary judgment was granted on the ground that the plaintiffs were not entitled to relief because the agreement was not in writing.[2] A judgment was entered dismissing the complaint. We reverse.

---

[1] Sylvia K. Vossen.

[2] A transcript of the hearing on the motion indicates that this was the reason the motion was granted. Summary judgment was granted on count 1 of the complaint. A second count was dismissed without prejudice by stipulation.

In setting forth the alleged oral agreement and the relevant facts, we draw on the verified complaint and the material (portions of depositions and affidavits of the parties) filed in connection with the defendant's motion. Prior to the creation of the joint tenancy, the defendant, aunt of the plaintiff Carol Alexander, had owned the property jointly with one Mrs. Clapp. The plaintiffs claim that they made the following oral agreement with the defendant: the plaintiffs and the defendant would purchase the property; the plaintiffs were to pay half the purchase price; the plaintiffs would live on the premises and maintain them; the defendant would have the upstairs area to live in when she retired; and the defendant's interest in the real estate would accrue to the plaintiffs on the defendant's death. The plaintiffs also claim that in reliance upon the agreement they joined in the purchase, occupied and maintained the premises, spent considerable amounts for repairs and real estate taxes, and cancelled plans to work in California.

The defendant's position is that the oral agreement is not enforceable because of the parol evidence rule, the Statute of Frauds, G. L. c. 259, § 1, Fourth, and the statute of wills, G. L. c. 191, § 1 et seq. We disagree.

1. At this stage of the proceedings the parol evidence rule is not a bar. In order to determine whether the oral agreement is to be given effect, the trial court must first determine whether the deed creating the joint tenancy was the entire agreement of the parties. This inquiry is "an issue of fact for the decision of the trial judge, entirely preliminary to any application of the parol evidence rule." *Wang Labs., Inc.* v. *Docktor Pet Centers, Inc., ante* 213, 219 (1981). For this purpose evidence of the negotiations is admissible as bearing upon the extent to which the deed was intended as an integration of the prior undertakings of the parties. *Antonellis* v. *Northgate Constr. Corp.,* 362 Mass. 847, 849 (1973). *Wang Labs., Inc.* v. *Docktor Pet Centers, Inc., supra* at 219. Restatement (Second) of Contracts § 209(2), § 210(3) & Comment b & Illustration 1, and § 214(a) & (b) (1981). If, on remand, the judge should

determine that the writing was not adopted as a completely integrated agreement, additional consistent terms will be admissible. *Kelley* v. *Arnold*, 326 Mass. 611, 614-615 (1950). *Antonellis, supra* at 850. *Wang, supra* at 220. Restatement (Second) of Contracts § 216 (1981). This would include evidence that the parties had agreed by implication or otherwise that they would have no right of partition. *Duffy* v. *Duffy*, 81 Pa. D. & C. 366, 370 (1953).

Although the defendant claims that an agreement not to assert a right of partition is inconsistent with the terms of a deed creating a joint tenancy as that estate includes a right of partition, see G. L. c. 241, § 1, considerable authority upholds the contractual obligation of a joint tenant or tenant in common not to assert a right of partition, if limited in time. See *Roberts* v. *Jones*, 307 Mass. 504, 506 (1940), and cases cited. Claims somewhat similar to those of the plaintiffs were upheld in *Condrey* v. *Condrey*, 92 So. 2d 423, 426-427 (Fla. 1957); *Arnold* v. *Arnold*, 308 Ill. 365, 369-370 (1923); *Hardin* v. *Wolf*, 318 Ill. 48, 59-60 (1925); *Mack* v. *Mack*, 286 S.W.2d 385, 389 (Mo. App. 1956); *Kayann Properties, Inc.* v. *Cox*, 268 N.C. 14, 22 (1966); *Duffy* v. *Duffy, supra* at 370-372.

2. The Statute of Frauds is also not a bar at this stage of the proceedings. If the plaintiffs can prove part performance with the assent of the defendant in reliance on the agreement, they may be entitled to specific performance. Occupation of the house and improvements can be found to constitute part performance for this purpose. *Nichols* v. *Sanborn*, 320 Mass. 436, 438 (1946). *Condrey* v. *Condrey, supra* at 427. *Hardin* v. *Wolf, supra* at 59-60. See also *Andrews* v. *Charon*, 289 Mass. 1, 5 (1935); *Gordon* v. *Anderson*, 348 Mass. 787 (1965); Restatement of Contracts § 197 (1932); Restatement (Second) of Contracts § 129 (1981); 3 Williston, Contracts §§ 494 & 533A (3d ed. 1960); 2 Corbin, Contracts §§ 420-434 (1950).

3. The statute of wills is not involved. See *Legro* v. *Kelley*, 311 Mass. 674, 676-677 (1942).

We, therefore, conclude that the defendant was not entitled to summary judgment and, accordingly, remand for further proceedings consistent with this opinion.

*Judgment reversed.*