White, J.
INTRODUCTION
This action arises from the defendant Shawmut Bank, N.A.’s (“Shawmut”) allegedly wrongful loan collection and subsequent foreclosures upon various properties owned by the plaintiff, William F. Carney (“Carney”), both individually and as Trustee of the Fiske Hill Realty Trust. The defendant has moved to dismiss all counts against it. For the reasons set forth below, the defendant’s motion is ALLOWED IN PART and DENIED IN PART.
BACKGROUND
Starting in the early 1970s, Carney, individually, as trustee of various realty trusts, and as officer and guarantor of his own corporation, Omni Builders, Inc. (“Omni”), obtained several small business loans and lines of credit from Framingham Trust Company, which later merged with and was succeeded by Shawmut. In March, 1990, after Omni had defaulted on its outstanding indebtedness, Shawmut commenced a collection action against Omni and Carney in Middlesex Superior Court (hereinafter the “Omni Action”).[2] In May, 1991, Shawmut filed a separate action against Carney, individually and as trustee of various trusts, for the collection of five other loans either signed or guaranteed by Carney (hereinafter the “Five Loan Action”).[3] In both cases, Carney’s answer included numerous counterclaims against the bank for alleged improper conduct in “calling” the loans. On December 6, 1991, judgment entered in the Omni Action in Shawmut’s favor, in the amount of $750,000, plus interest and attorneys fees.
On December 17, 1991, Carney filed a voluntary petition of bankruptcy with the United States Bankruptcy Court for the District of Massachusetts. On January 13, 1992, Carney filed his schedules of assets and liabilities in connection with his bankruptcy. Where Schedule D, entitled “Personal Property,” required the debtor to list “[o]ther contingent and unliq-uidated claims of every nature, including . . . counterclaims of the debtor and rights to setoff claims,” Carney listed “None.” On his “Statement of Financial Affairs,” where asked to “[l]ist all suits to which the debtor is or was a party, within one year immediately proceeding the filing of this bankruptcy case,” Carney did not list either of Shawmut’s cases against him.
By order dated February 3, 1992, the bankruptcy court held that the automatic stay did not apply to any real estate owned by Carney’s realty trusts. On January 8, 1993, the trustee in bankruptcy, finding that Carney had no assets, issued a report of no distribution. Carney was discharged two months later.
After its February 26, 1992 demand upon Carney as trustee of the Fiske Hill Realty Trust for payments of amounts due under the Fiske Hill loan, Shawmut commenced foreclosure proceedings against the Fiske Hill property, which had been mortgaged to secure the note.
On July 14, 1995, Carney, both individually and as Trustee of Fiske Hill Realty Trust, filed this suit against Shawmut, alleging breach of contract, detrimental reliance, breach of the covenant of good faith and fair dealing, unfair and deceptive trade practices, and wrongful foreclosure in connection with each of the aforesaid loans and subsequent foreclosure proceedings.
*513 STANDARD
When evaluating the sufficiency of a complaint pursuant to Mass.RCiv.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of the complaint and any inferences which it may draw therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The court will not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152; Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
DISCUSSION
Shawmut asserts, as its first ground for dismissal, that Carney’s failure to list the claims which appear in his complaint in his schedules of assets equitably estops him from raising them in this suit. The bank is correct in asserting that a debtor filing for bankruptcy must list all of its assets, including causes of action. Payless Wholesale Distrib. v. Alberto Culver, Inc., 989 F.2d 570, 571 (1st Cir.), cert. denied, 114 S.Ct. 344 (1993). See 11 U.S.C. §§521(a),[4] 1125(a)(1);[5] Monroe County Oil Co, Inc. v. Amoco Oil Co., 75 B.R. 158, 162 (D.C.S.D. Ind. 1987) (disclosing “adequate information” under § 1125(a)(1) includes disclosure of litigation) ; In re Metrocraft Publishing Services, Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). “Here, ‘the silence’ in [Carney’s] bankruptcy record concerning the present claim ... ‘is deafening.’ ” Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir.), cert. denied, 488 U.S. 967 (1988). The First Circuit has identified such acts of concealment as “palpable fraud that the court will not tolerate, even passively” as well as an “unacceptable abuse of judicial proceedings.” Payless, supra at 571. See also In re HRP. Auto Ctr., Inc., 130 B.R. 247, 253-54 (Bankr. N.D. Ohio 1991) (finding equitable estoppel, judicial estoppel, and latches preclude assertion of “unscheduled” claims).
Even if the court were to take into account Carney’s affidavit explaining that the trustee in bankruptcy became aware of his claims against Shawmut at a §341 creditor meeting, the outcome would not vary. It is not enough that the trustee learns of the debtor’s claims through other means; the burden is on the debtor to “schedule” those claims as assets pursuant to §521(a). Jeffrey v. Desmond, 70 F.3d 183, 186 (1st Cir. 1995); Vreugdenhill v. Navistar Int’l Transp. Corp., 950 F.2d 524, 526 (8th Cir. 1991): In re Rothwell, 159 B.R. 374, 377 (Bankr. D. Mass. 1993); In re McCoy, 139 B.R. 430, 432 (Bankr. S.D. Ohio 1991). Contrary to the plaintiffs assertion that the trustee in bankruptcy abandoned the asset, none of the requisite elements were fulfilled under 11 U.S.C. §554[6] to constitute a formal abandonment of these claims. In fact, §§554(c) and (d) eliminate the debtor’s right to enforce in his own name any rights not listed as assets in the bankruptcy. Jeffrey, supra at 186 n.3, citing Vreugdenhill, supra at 526. Consequently, Carney’s failure to list in his schedule of assets all of his claims against Shawmut estops him from raising them in this suit.
The foregoing analysis, however, is limited to claims by Carney in his individual capacity. The claims by Carney as trustee of Fiske Hill Realty Trust are, in essence, claims by the trust itself. There is no indication in the record that Fiske Hill Trust ever declared bankruptcy and “dug its own grave,” as did Carney, by not listing its legal claims among its assets.
It is true that, as the defendant argues, the defense of the Statute of Frauds may be raised in a motion to dismiss when the complaint on its face shows that the claim was based upon an oral agreement. Rozene v. Sverid, 4 Mass.App.Ct. 461, 463-64 (1976); Cluff v. Picardi, 331 Mass. 320, 321-22 (1954).[7] Detrimental reliance, as alleged by the plaintiff, however, can be sufficient to take the agreement out of the Statute of Frauds. Alexander v. Snell, 12 Mass.App.Ct. 323, 325 (1981); Madan v. Royal Indemnity Co., 26 Mass.App.Ct. 756, 758 n.3, rev. denied, 404 Mass. 1103 (1989). At this stage in the pleadings, the court is not convinced that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief. See Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
Moreover, a finding that the loan terms at issue arose from integrated documents, and consequently were not extended, would be premature. Indeed, “(i]t is open to parties to modify a written agreement by a later agreement not in writing.” Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 47 (1991), citing Zlotnick v. McNamara, 301 Mass. 224, 225-26 (1938). Conduct of the parties — in this case, conformance with existing business practices — is one such mode of modification. See First Mort. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 625 (1985). Amotion to dismiss, focused as it must be upon the four corners of the complaint, affords this court no opportunity to consider the legal sufficiency of the alleged oral agreement. “In some circumstances an oral agreement modifying the terms of a later-signed written agreement goes directly to the question whether the written document is an integrated statement of the entire agreement of the parties.” Schinkel, supra at 46, citing McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 712 & n.7 (1990).
The claims brought by Carney in his capacity as trustee of the Fiske Hill Realty Trust, therefore, survive the defendant’s motion to dismiss.[8]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss be GRANTED with respect to all claims made by Carney in his *514 individual capacity, but DENIED with respect to all claims made by Carney in his capacity as Trustee of the Fiske Hill Realty Trust.

Shawmut Bank, N.A. v. Omni Builders, Inc., Civil Action No. 90-2383 (Middlesex Sup. Ct., filed March 27, 1990).

Shawmut Bank, N.A. v. William F. Carney and Others, Civil Action No. 91-3284 (Middlesex Sup. Ct., dated June 21, 1991). Carney was sued both individually and as Trustee of the Blandin Avenue Realty Trust, Elrach Realty Trust, Tudor Realty Trust, Rachael Realty Trust, Elena Realty Trust, and Franlau Realty Trust. Though, in the caption of the Complaint, Shawmut also named Carney as Trustee of the Fiske Hill Realty Trust, at that point, the bank had not yet commenced foreclosure against the Fiske Hill property. See Answer at para. 4. The complaint contained no allegations regarding and sought no relief against the Fiske Hill Really Trust or Carney as Trustee. Moreover, in its Memorandum in Support of its Motion to Dismiss, Shawmut acknowledges that its loan to Fiske Hill Realty Trust was “the only realty trust loan that was not part of the Five Loan Action.” Def.’s Mem. at 2.

 11 U.S.C. §521(1) requires the debtor to “file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor’s financial affairs.”

“[A]dequate information” means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor’s books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan . . .
11 U.S.C. §1125(a)(1).

That section, entitled “Abandonment of property of the estate,” reads:
(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title, (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.
11 U.S.C. §554.

The complaint alleges that Carney obtained business loans and lines of credit from Framingham and that its agents and/or employees made additional statements and promises that each loan, at or before maturity, would be extended for an additional three-year period. The plaintiff submitted no written loan agreement or extension agreement with his complaint, and, as this is a motion to dismiss, the court will not now consider the letter the plaintiff suggests is a written verification of the credit extension.

The defendant notes that Carney’s complaint alleges sinister motivation by Shawmut in that it wrongfully “called” all of its loans to Carney in order to impair Carney’s ability to defend the Omni action. Shawmut then advances several points tending to disprove such an ulterior purpose. Disproving one or more factual elements of the complaint, however, does not obliterate the plaintiffs entire theory of liability. The plaintiff may still be able to advance other facts tending to prove breach of contract or wrongful foreclosure by the bank.