Donohue, J.
On April 1, 1996, the plaintiff, Mugsy, Inc. (“Mugsy”), entered into a lease agreement (“the Lease”) with the defendants (“DiGeronimo”). Mugsy was leasing commercial real estate for the purpose of running a pizza parlor business in the shopping center owned by DiGeronimo. It is agreed among the parties that the Lease does not contain within its terms an exclusivity or noncompetition clause. On December 17, 1998, DiGeronimo announced to its tenants that he had entered into a lease agreement with Pizzeria Uno/Chicago Bar and Grill. Mugsy brought the underlying action asserting that this agreement violates a “collateral agreement” to the Lease with DiGeronimo that no businesses would be allowed in the shopping center offering fare similar to that which Mugsy offers. DiGeronimo has now filed a motion to dismiss Mugsy’s Complaint pursuant to Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief cam be granted. For the reasons stated below, DiGeronimo’s motion to dismiss is DENIED.
BACKGROUND
Negotiations of the Lease in question began in February of 1996, at which time the parties both signed a Letter of Intent. The parties’ attorneys then negotiated the terms of the Lease. Several written communications and phone conversations ensued between the parties’ attorneys. Some changes were agreed to and incorporated into the Lease and some requests by Mugsy were denied by DiGeronimo. Mugsy requested an exclusivity/noncompetition provision and contends that DiGeronimo assured Mugsy that the Lease would contain a noncompetition clause. When the Lease was drafted, however, it contained no such provision. When Mugsy questioned the absence of the provision, DiGeronimo told Mugsy that under no circumstances would DiGeronimo allow a competitive business to operate in the same shopping plaza. DiGeronimo assured Mugsy that his verbal promises would be strictly adhered to. Based on these representations, Mugsy entered into the Lease. In 1998, DiG-eronimo allowed Victory at Market Square to operate with a sit down area which sells similar fare to Mugsy’s business. When contacted about the competing business, DiGeronimo offered no acceptable resolution and, after recognizing Victory’s affect on Mugsy’s business, decided to sell their restaurant. During negotiations with prospective buyers, Mugsy then learned that DiGeronimo had entered into a lease agreement with Pizzeria Uno/Chicago Bair and Grill. Consequently, Mugsy’s prospective buyers terminated their discussions with Mugsy regarding the purchase of their business. Mugsy’s business continues to be negatively affected by the competitive businesses now present in the shopping plaza.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). “[A] complaint is not subject to dismissal if it would support relief on any theory of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). All inferences should be drawn in the plaintiffs favor, so as to do substantial justice. Ourfal *461 ion v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
In the Complaint, Mugsy has asserted six causes of action against each of the five defendants: Count I: Fraud in the Inducement, Count II: Deceit and Misrepresentation, Count HI: Breach of Contract, Count IV: Intentional Interference with Business Relations, Count V: Recission, and Count VI: Unfair and Deceptive Trade Practices pursuant to G.L.c. 93A. All of these counts arise from Mugsy’s allegation that Mugsy entered into the Lease with DiGeronimo only after being promised and assured by DiGeronimo that no business serving fare similar to that served at Mugsy’s pizza parlor would ever be allowed to open in the same shopping plaza.
As is required on a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the court must assume that DiGeronimo did in fact enter into an oral exclusivity/noncompetition agreement with Mugsy. See Eyal, supra at 429. In doing so, the Complaint makes out viable causes of action. In response to the essence of DiGeronimo’s arguments, it has been held that the parol evidence rule is not an appropriate argument at the pre-trial stage. Alexander v. Snell, 12 Mass.App.Ct. 323, 324 (1991). In the present case, it will be necessary first for the trial judge to ascertain whether the Lease was the entire agreement of the parties. Id. If the trial judge determines that the Lease was not fully integrated, the terms of the oral exclusivity/noncom-petition agreement will be admissible. Id. at 325; see also Bridgewater Washed Sand & Stone v. Bridgewater Materials, Inc., 361 Mass. 809, 813 (1972) (admitting parol evidence regarding collateral oral agreement where written agreement was not fully integrated). Moreover the parol evidence rule may not even be applicable to some or all of the counts asserted against DiGeronimo. See, e.g., McEvoy Travel Bureau, Inc. v. Norton, 408 Mass. 704, 711 n.5 (“It is well established that the parol evidence rule does not apply when the complaining party alleges fraud in the inducement”); see also Restatement (Second) of Contracts §214 (1981).
DiGeronimo’s argument regarding the statute of frauds is also an insufficient basis upon which to allow his motion to dismiss. There are exceptions to the statute of frauds which, if determined to be applicable at the trial stage, would provide a means of redress for Mugsy. See, e.g., Simon v. Simon, 35 Mass.App.Ct. 705, 712 (1994) (“It is settled that the statute [of frauds] is not a bar where the denial of relief, to one who has been misled to his harm, would cause ‘an unjust and unconscientious injury and loss’ ”).
ORDER
For the foregoing reasons, the defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED.