## GABRIEL JACOBSON *vs.* CHARLES PERMAN.

Suffolk.    April 6, 1921. — May 25, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency,* Existence of relation, Scope of authority.  *Contract,* Validity.  *Frauds,*
   *Statute of.  Evidence,* Competency.

In an action for breach of an alleged agreement to deliver two hundred and fifty
   thousand yards of cloth, made with a person whom the plaintiff contended was,
   and the defendant contended was not the defendant's agent, the plaintiff offered
   evidence of a conversation in the defendant's office in August, 1917, in the pres-
   ence of the person with whom he made the contract, tending to show that the
   defendant told the plaintiff in reference to a future need for goods that that
   person would visit him in Boston and would " fix him up " and that he, the de-
   fendant, would " back him up," that that person did visit the plaintiff in Boston
   about September 1 and again on September 12 urging him to buy goods and that
   on the second visit they came to terms.   Evidence also was offered that the defen-
   dant had stated that the person in question was his New England representative.
   *Held,* that the evidence was sufficient to warrant a finding that the person with
   whom the plaintiff made the contract had authority to act as the defendant's
   agent in making the sale to the plaintiff, and that the question of agency should
   have been submitted to the jury under proper instructions.
In the above described action the plaintiff offered to prove that the person whom he
   contended was the defendant's agent came to his office and said to him " We will
   sell you" certain cloth, two hundred and fifty thousand yards in amount, stating
   terms, and that the plaintiff said, " I will accept your offer and buy those goods
   on those terms," and that thereupon the alleged agent dictated to a stenog-
   rapher an order for the cloth on the terms stated, addressed to the name under
   which the defendant conducted his business, that the original order was signed
   by the plaintiff and that a carbon copy of it was signed by the plaintiff and
   by the alleged agent of the defendant with his own name after the word "seller."
   *Held,* that
       (1) Upon the evidence offered, a finding was warranted that there was a com-
   pleted verbal contract between the parties, whereby the plaintiff agreed to pur-
   chase and the defendant agreed to sell the cloth mentioned in the declaration;
       (2) The memorandum was sufficient in form to satisfy the statute of frauds;
       (3) In legal effect the memorandum was an order in which the plaintiff agreed
   to purchase the goods in accordance with the terms stated, and the word " seller "
   with the signature following of the person who, the plaintiff contended, was the
   defendant's agent, amounted to an acceptance of the order if the agent's authority
   was established.
An agent authorized to make a sale of merchandise has authority to execute on
   behalf of his principal a memorandum sufficient under the statute of frauds.

In the above described action, it was *held* to have been error to order a verdict
for the defendant at the close of the plaintiff's evidence and offer of proof.

It also was *held* that the original memorandum and the carbon copy above referred
to were competent evidence.

CONTRACT for breach of an alleged agreement to deliver two
hundred and fifty thousand yards of cloth. Writ dated March
17, 1918.

The answer contained a general denial and set up the statute of
frauds, alleging that the agreement " was for the sale of goods of a
value in excess of $500; no part of the goods were delivered; noth-
ing was given in earnest to bind the contract or in part payment;
and there was no note or memorandum in writing of said agree-
ment signed by said defendant or by any agent of his in that
behalf."

In the Superior Court the action was tried before *White,* J. The
material evidence submitted and offered by the plaintiff is de-
scribed in the opinion. At the close of the plaintiff's evidence,
upon motion by the defendant, the judge ordered a verdict for the
defendant and reported the case for determination by this court
with the stipulation, assented to by both parties, that if his ruling
was correct judgment was to be entered for the defendant on the
verdict; and that, if his ruling was erroneous, there was to be a
new trial.

The case was submitted on briefs.

*S. Sigilman,* for the plaintiff.

*E. F. McClennen & J. J. Kaplan,* for the defendant.

CROSBY, J. This is an action of contract to recover damages
for failure of the defendant (who carried on business under the name
of Caesor Mills) to deliver two hundred and fifty thousand yards
of cloth. The plaintiff contended that in making the alleged con-
tract one Miller acted as the authorized agent of the defendant.
At the close of the evidence the plaintiff made the following offer
of proof: On September 12, 1917, Miller came to his office and said
to him, " ' We will sell you Government bombazine to count
64 x 60, water repellant finished, delivering twenty-five thousand.
yards in November, seventy-five thousand yards in December,
one hundred thousand yards in January, and fifty thousand yards
in February, at the price of thirty-one and one-fourth cents per
yard for the first one hundred thousand yards and thirteen cents

per yard for the other one hundred and fifty thousand yards pro-' vided the contract is completed right away today because the market is fluctuating very rapidly, . . . I shall stipulate that if there should be an advance in the gray goods market between the 11th and 12th of September, the price of the one hundred thousand yards is to be thirteen and one-fourth cents instead of thirteen cents, and terms are to be 2–10–60;' that the plaintiff then said to Miller, ' I will accept your offer and buy those goods on those terms,' that thereupon Miller dictated to the stenographer the paper of which the paper marked ' A ' for identification is a carbon copy . . . that then [the] plaintiff signed both said paper marked ' A ' for identification; and also said paper of which the same is a carbon copy and Miller signed said carbon copy; that Miller took away with him said original and left with the plaintiff said carbon copy." The carbon copy is signed " Seller B. Miller." The plaintiff offered the paper marked " A " and the original; both were excluded subject to the plaintiff's exception.

It is the contention of the defendant (1) that the evidence offered was not sufficient to show the authority of the agent Miller to make the alleged contract, and (2) that the memorandum offered was not sufficient to satisfy the statute of frauds.

As to the authority of Miller to make the contract of sale, the plaintiff offered evidence tending to show that about the middle of August, 1917, in the defendant's office in New York he bought fifteen thousand yards of government bombazine of the defendant, that he then told him that he "was going to buy a lot of goods, and asked the defendant if they would be able to take care of him in time of need, and that the defendant said, — ' You go ahead back home, and Mr. Miller will see you occasionally every two or three weeks, and he will fix you up and I will back him up;' that Mr. Miller was present at this conversation and said to the plaintiff ' I am to be in Boston pretty soon and I will come in to see you;' that about September 1, Miller come to see the plaintiff and urged the plaintiff to buy goods, but that they could not agree and Miller left, and that Miller came back on September 12, and urged the plaintiff again to buy goods and the plaintiff and Miller came to terms." There was also evidence that the defendant had stated that Miller was his New England representative. We are of opinion that the evidence was sufficient to warrant a finding that Miller

had authority to act, as the defendant's agent, in making the sale to the plaintiff, and that the question should have been submitted to the jury under proper instructions.

In view of the testimony offered by the plaintiff and his offer of proof, it could not properly have been ruled that there was no sufficient memorandum of the contract within the statute of frauds. If as the jury could have found there was a completed verbal contract between the parties, whereby the plaintiff agreed to purchase and the defendant to sell the cloth mentioned in the declaration, the memorandum was sufficient evidence of the contract to satisfy the statute. While it is in the form of an order, it contains all the essential elements of the contract; the nature and description of the cloth, the quantity sold and the price to be paid therefor, the terms of payment, and the time of delivery are all definitely set forth. It is signed by the plaintiff and by Miller as seller, and is directed to the Caesor Mills, the name under which the defendant conducted his business. In legal effect it is an order in which the plaintiff agreed to purchase the goods, in accordance with the terms stated, and the words " Seller B. Miller " amount to an acceptance of the order; it is a sufficient memorandum of the contract to charge the defendant, if Miller was authorized by him to make the sale. *Williams* v. *Bacon,* 2 Gray, 387, 392. *Sanborn* v. *Flagler,* 9 Allen, 474, 476, 477. *Morrison* v. *Browne,* 191 Mass. 65, 68, 69. *George Lawley & Son Corp.* v. *Buff,* 230 Mass. 21. *Hoyle* v. *Hoyle,* [1893] 1 Ch. 84.

The contract and the memorandum which is necessary to its validity under the statute are distinct things. The statute presupposes a contract by parol. If, at the interview, the oral agreement was made, and then put in writing and signed, the contract would be binding upon both parties. *Lerned* v. *Wannemacher,* 9 Allen, 412, 416. *Nickerson* v. *Bridges,* 216 Mass. 416, 420. There being evidence from which it could be found that Miller was authorized to make the sale, and if the jury so found, it follows that he had authority to execute on behalf of the defendant a memorandum sufficient under the statute of frauds. *Williams* v. *Bacon, supra.* " An agent may write his own name, and thereby bind his principal; and parol evidence is competent to prove that he signed the memorandum in his capacity as agent." *Sanborn* v. *Flagler, supra,* at page 477. *New England Dressed Meat & Wool Co.* v. *Standard*

*Worsted Co.* 165 Mass. 328, 331. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427, 431.

The direction of a verdict for the defendant was wrong; the original memorandum and the carbon copy were competent. In accordance with the terms of the report the entry must be

*New trial granted.*