THOMAS W. WATKINS *vs.* GEORGE L. BRIGGS, executor.

Essex.    May 20, 1941. — June 30, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Set-off. Executor and Administrator,* Set-off of debt against legacy. *Frauds, Statute of. Lien,* Equitable.

The defence of the statute of frauds, not having been pleaded, was not open to the petitioner in a proceeding in a Probate Court against an executor wherein the petitioner sought to recover a legacy from the respondent and the respondent sought to enforce a claim of the estate against the petitioner which was within the statute.

Evidence warranted findings by a judge of probate that a legatee under a will had agreed with the executor that his legacy should be charged to secure his payment of a deposit which he had promised the executor to make against the purchase price of real estate of the testator bid in by the legatee at an auction sale conducted by the executor under a license from the court, and that thus an equitable lien was created; and a decree setting off the amount of such deposit against the legatee's claim upon the executor for the legacy was proper.

PETITION, filed in the Probate Court for the county of Essex on September 10, 1940, to compel the respondent to pay the petitioner a $1,000 legacy under the will of the respondent's testator.

The respondent in his answer set up a claim against the petitioner for $1,085, alleging that the petitioner "in consideration of the agreement of the executor to accept his bids [at an auction sale of lands of the testator conducted by the executor under license of the court] without a down payment of ten per cent . . . of the bid price agreed that he, the said petitioner, would pay to the respondent on the following day an amount equal to ten per cent . . . of the bid price on such parcels of land as might be bid in by him at said auction," and that the petitioner was indebted to the respondent in the sum of $1,085 as the total of such agreed ten per cent payments due on bid prices aggregating $10,850.

The petitioner appealed from a decree entered by *Phelan,* J.

In this court the case was submitted on briefs.

*F. H. Magison,* for the petitioner.

*J. B. Brown & W. J. Good,* for the respondent.

LUMMUS, J.　Under the will of James E. Watkins, of which the respondent is the surviving executor, the petitioner was given a legacy of $1,000, payment of which is sought in this petition under G. L. (Ter. Ed.) c. 197, § 19. *Wilbur* v. *Hallett,* 305 Mass. 554. Evidently because of a deficiency of assets, the petitioner is entitled to only seventy per cent of the legacy, or $700. No contention to the contrary is made. The probate judge ordered the respondent to give the petitioner credit for $700 against the "claim of the estate against the petitioner for $1,000 arising out of the petitioner's refusal to pay to said respondent deposits on the purchase price of certain real estate as agreed." We need not consider why the claim of the estate against the petitioner was fixed at $1,000 instead of $1,085, for the respondent has not appealed. The claim for the deposits may be treated as separate from the rest of the contracts to buy. *Thompson* v. *Kelly,* 101 Mass. 291. The petitioner appealed, and the case comes here upon a report of the evidence without special findings.

On July 15, 1937, the respondent, under a license from the court, held an auction sale of the real estate of the testator. The auctioneer stated in the presence of the petitioner that bidders must pay ten per cent of the price at the time and place of sale, and the balance on the delivery of the deed. The real estate was sold parcel by parcel. The petitioner bid $3,000 for the first parcel, and was the only bidder. After that bid was accepted, the respondent told the petitioner that the requirement was a ten per cent down payment. The petitioner answered, "I am going to bid on several parcels today and you needn't worry about my payment. I am good for it. After I get through bidding I'll pay for my parcels I bid in on the ten per cent basis." He said further that "he was good for it and that there was money enough in the estate coming to him," that "the estate owed him plenty of money." In fact he had no money coming from the estate except the legacy of $1,000,

and a possible interest in the residue if there should be any. The petitioner also told the respondent that he did not have his check book with him, but would pay the deposit on the following day. The respondent then told the auctioneer not to bother about collecting the down payments on that day, and the auctioneer made no further attempt to collect any from any bidder. Thus all bidders were put on an equality.

In all the petitioner bought twelve parcels at the auction for the aggregate price of $10,850, and therefore should have made deposits of $1,085. The petitioner, after the sale was over, told the respondent to call the next morning when he would give the respondent a check for the amount. The next morning, however, the petitioner paid nothing, saying, "I cannot give you a check for the simple reason my folks object to my taking title to this property which I bid in yesterday."

The petitioner testified that on the morning after the sale he and the respondent agreed that the deal should be called off, on the condition that the petitioner should help sell the property. But the judge was not required to believe this testimony, and his implied finding to the contrary cannot be pronounced plainly wrong.

The only contention of the petitioner, not covered by what has been said, is that the statute of frauds prevents the enforcement of the claim of the respondent. Doubtless the purchase by the petitioner at the auction sale was a contract within the statute of frauds. G. L. (Ter. Ed.) c. 259, § 1, Fourth. *Giolitto* v. *Dingolo,* 251 Mass. 38. *Weiner* v. *Slovin,* 270 Mass. 392. There was no memorandum to satisfy the statute. But the statute of frauds is not applicable unless pleaded, and in this case it was not pleaded. *Bank of Commerce & Trust Co.* v. *Schooner,* 263 Mass. 199, 204. *Stoneham Five Cents Savings Bank* v. *Johnson,* 295 Mass. 390, 393, 394.

Upon the evidence the judge rightly could have found, and in view of his decree may be taken as having found (*Leary* v. *Liberty Trust Co.* 272 Mass. 1, 8; *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90; *Klefbeck* v. *Dous,* 302

Mass. 383, 388), that the parties understood and agreed that until the deposits should be made the legacy of the petitioner should stand in their place and be charged with an equitable lien to secure the performance of the petitioner's contract to make them. *Westall* v. *Wood*, 212 Mass. 540, 544. *Delval* v. *Gagnon*, 213 Mass. 203. That would entitle the respondent to set off the claim for the deposits against the petitioner's claim for his legacy. *Abbott* v. *Foote*, 146 Mass. 333, 334. Equity Rule 28 of the Probate Courts (1934).

*Decree affirmed.*