**COHEN v. JOHNSON et al.**
Civil Action No. 3076.

District Court, M. D. Pennsylvania.
March 5, 1948.

O'Malley, Harris, Harris & Warren, of Scranton, Pa., and Schnader, Kenworthey, Segal & Lewis, and J. Pennington Straus, both of Philadelphia, for plaintiff.

John M. Smith, Jr., of Philadelphia, Pa., and Frederick E. Lark, of Shamokin, Pa., for defendants.

FOLLMER, District Judge.

The complaint filed in this cause alleges, inter alia, that plaintiff entered into a written agreement with defendants for the sale to plaintiff of 10,000 tons of coal at specified prices, with delivery between July 1, 1947, and April 1, 1948, a copy of the sales memorandum being attached as "Exhibit A." [1]; that thereafter deliveries were made in July, 1947, totaling 95.90 tons of coal, and a final shipment in August, 1947, of 51.20 tons which was billed at a rate in excess of the agreed price but subsequently, upon complaint being made, corrected to the agreed price and paid. Plaintiff then alleges that upon further requests for coal defendants refused to make such deliveries and stated they would not make deliveries unless plaintiff "would agree to pay substantial increases in the coal prices over and above the amounts provided for in the said contract." Purchase in the open market and consequent damages are alleged. The complaint was filed October 31, 1947.

Defendant has filed a motion to dismiss the complaint for two reasons, namely:

"1. Exhibit 'A' attached to the Complaint does not constitute a binding legal agreement in law.

"2. Upon the face of the Complaint it affirmatively appears that there could be no breach of any agreement alleged until after April 1, 1948."

We are not concerned with the sufficiency of the proof but solely whether the complaint states a cause of action. The allegations must be accepted as true for the purposes of the motion to dismiss. [2]

Whether the contract is enforceable as a written contract or by reason of part performance need not be considered here. Alternative pleadings of this nature are permitted by the Federal Rules, 28 U.S.C.A. following section 723c. [3] Nor can it be said that the contract which furnishes the basis of the claim, as averred in the complaint, is unenforceable by reason of Section 4 of the Pennsylvania Sales Act, [4] which section is sometimes referred to as the Pennsylvania "Statute of Frauds" relating to personalty. This statute is procedural and since the effective date of the Federal Rules of Civil Procedure, federal courts are no longer controlled by state practice in matters of pleading, hence the sufficiency of the pleading thereof is not affected by any requirement of the Pennsylvania Practice Act, 12 P.S. § 382 et seq. [5] This question therefore should be presented by affirmative defense under Federal Rule 8(c) except where the defect appears on the face of the pleading, in which event the question may be raised on motion to dismiss for insufficiency under Rule 12(b). [6] Viewed in this light, the defense of the statute in the instant case is a matter to be pleaded affirmatively under Rule 8(e) since no defect, inhering because of the requirements of the statute, clearly appears on the face of the pleading.

---

[1] "Sold to Roch. Fuel and Feed Co.
July 1st, 1947

| | |
|---|---|
| 4000 ton Stove | 8.75 |
| 4000 ton Nut | 8.75 |
| 2000 ton Pea | 7.00 |

From July 1st, 1947 to April 1, 1948
Net Cash
O.K.
(sgd) Morris Cohen
Bellaire Coal Sales
(sgd) Frank O Johnson
(sgd) Charles Maurer
Exhibit A"

[2] John B. Kelly, Inc., v. Lehigh Nav. Coal Co., Inc., et al., 3 Cir., 151 F. 2d 743, 749, certiorari denied 327 U.S. 779, 66 S.Ct. 530, 90 L.Ed. 1007; Gamlen Chemical Co. v. Dacar Chemical Products Co. et al., D.C.W.D.Pa., 57 F. Supp. 574.

[3] Rule 8(e) of the Federal Rules of Civil Procedure, and see also Commentary, "Directness of Statement where Pleading is Inconsistent, Alternative or Hypothetical," Fed.Rules Serv., Vol. 1, Page 667.

[4] Act of May 19, 1915, P.L. 543, Sec. 4, 69 P.S. § 42, as amended.

[5] Continental Collieries, Inc. v. Shober, Jr., 3 Cir., 130 F.2d 631.

[6] Continental Collieries, Inc. v. Shober, Jr., supra.

As to the second reason assigned in the motion, "it affirmatively appears that there could be no breach of any agreement alleged until after April 1, 1948," we find no merit therein. The action is predicated upon an anticipatory breach of contract which is sufficiently alleged in the complaint. While the elements of the required proof may vary in different forums,[7] it is settled law in the courts of almost all the states, including Pennsylvania, that an action may be brought for an anticipatory repudiation.[8]

The complaint states a cause of action. Whether the evidence at the trial will sustain the allegations of the complaint is not before us on this motion.

The motion to dismiss is accordingly denied.

---

[7] Williston on Contracts, Vol. 5, Sec. 1314, P. 3710.

[8] Williston on Contracts, Vol. 5, Par. 1323, P. 3723, et seq.; Restatement of the Law of Contracts, Sec. 318, and see also Pa.Annotations Supp.