FREDERICK W. PIECZARKA *vs.* WILLIAM J. PIECZARKA.

Hampden.    September 20, 1951. — November 5, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract,* For sale of real estate. *Equity Jurisdiction,* Specific performance.

Evidence reported in a suit in equity for specific performance of an oral contract to convey real estate disclosed that the trial judge was not plainly wrong in finding that the land to be conveyed was that described in the findings and in a decree for the plaintiff, but did not show that the contract called for a warranty deed nor justify inclusion in the decree of an order that the defendant convey by warranty deed.

BILL IN EQUITY, filed in the Superior Court on December 5, 1950.

The case was heard by *Giles,* J.

In this court the case was submitted on briefs.

*L. J. Gordon & H. Scharoff,* for the defendant.

*A. R. Goldman,* for the plaintiff.

COUNIHAN, J.   This is a suit in equity whereby the plaintiff seeks specific performance of an oral contract by which the defendant agreed to convey to him a certain parcel of land in Southwick.   The plaintiff and the defendant are brothers.   After a hearing the judge entered a decree for specific performance and granted injunctive relief.   The defendant appealed.   The judge made findings of facts and the evidence is reported.

No citations are necessary to support the well established rule that, upon appeal, this court is bound by the findings of the judge unless satisfied that they are plainly wrong.

In passing it may be noted that the statute of frauds was

not pleaded by the defendant nor does it appear to have been relied upon at the trial. We therefore treat this possible ground of defence as waived. *Livingstone* v. *Murphy*, 187 Mass. 315, 318. *Watkins* v. *Briggs*, 314 Mass. 282, 284.

The principal contention of the defendant is that all of the evidence relating to the description of the premises to be conveyed was so uncertain and ambiguous that the judge was plainly wrong in finding the description to be that as recited in the findings and in the decree. This is primarily a question of fact to be determined upon oral evidence and reasonable inferences therefrom. Without reciting the evidence in detail, it is enough to say that we have examined it with care and are of opinion that the judge accurately described the premises in his findings and in his decree. We are satisfied that the premises may be definitely located from this description.

We are, however, concerned with that part of the decree whereby the judge ordered the defendant to deliver to the plaintiff a warranty deed of the premises. This was error for nowhere in the evidence does it appear that the contract called for a warranty deed. We are of opinion that performance of the contract would be satisfied by the delivery of a deed of the premises. In all other respects the decree was correct.

It follows that the decree must be modified by striking out the word "warranty" where it appears in the decree and as so modified the decree is affirmed. *Epdee Corp.* v. *Richmond*, 321 Mass. 673, 676.

*So ordered.*