VICTOR N. CLUFF *vs.* KATHLEEN PICARDI & another.

Middlesex.   November 5, 1953. — April 7, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Frauds, Statute of.   Contract,* For sale of real estate.   *Equity Pleading and Practice,* Bill, Demurrer.

The defence of the statute of frauds was raised by a general demurrer to a bill in equity for specific performance alleging an oral contract to sell land and setting forth a purported memorandum thereof. [322]

A demurrer was rightly sustained to the bill in a suit in equity against two defendants for specific performance of an alleged oral agreement by both to sell certain land to the plaintiff where, although the bill alleged that a writing set forth therein was a memorandum of such agreement, the writing so set forth, which was signed by but one of the defendants, contained only his promise to sell and nothing to bind the other defendant and was not alleged to have been executed by the signer as authorized agent of the other defendant as well as on his own behalf. [322–323]

BILL IN EQUITY, filed in the Superior Court on September 2, 1952.

The suit was heard by *Smith*, J., on demurrer.

*Warren W. Allgrove*, (*Cornelius F. Kiernan* with him,) for the plaintiff.

No argument nor brief for the defendants.

QUA, C.J. This case is here on appeals by the plaintiff from decrees sustaining the defendants' demurrer and dismissing the bill.

The material allegations of the bill are that on or about May 20, 1952, the plaintiff entered into an agreement with the defendants, "a memorandum of which agreement is hereto annexed and marked 'A,'" by which the plaintiff agreed to buy and the defendants to sell a parcel of real estate in Tewksbury for $3,700; that the plaintiff paid to the defendants a deposit of $200; and that the property had formerly been conveyed to one Catherine Penney and by her will two undivided thirds had been devised to her daughter, the defendant Kathleen Picardi, and the remaining undivided third to the testatrix's surviving husband, the defendant William J. Penney. The prayers are for specific performance of the agreement and for damages.

The memorandum referred to in the bill and marked "A" reads as follows:

"I Kathleen Picardi hereby sell to Victor N. Cluff of Tewksbury the land and buildings on Main Street, Tewksbury formerly the home of my mother for the sum of thirty seven hundred dollars of which this is a receipt for two hundred dollars as a down deposit. The remainder to be paid upon the settlement of the estate.

Mrs. Kathleen Picardi<br>Administrator."

The plaintiff could have set up the agreement in general terms without stating whether it was oral or in writing. He was not obliged to allege, as in substance he has, that it was oral and that he relies upon the paper marked "A" as his memorandum of it. *Southwick* v. *Spevak*, 252 Mass.

354, 356–357. *Ranicar* v. *Goodwin*, 326 Mass. 710, 712. If the plaintiff had taken that course the defendants, if they intended to rely upon the statute of frauds, would have been obliged to plead the statute. *Abalan* v. *Abalan*, 329 Mass. 182, 183, and cases cited. But even in that event the burden of proving a sufficient memorandum would have been upon the plaintiff. *Kalker* v. *Bailen*, 290 Mass. 202, 205. *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218, 219. *Fichera* v. *Lawrence*, 312 Mass. 287, 288. Since, however, the plaintiff has chosen to plead an oral contract with an alleged memorandum of it, the defendant can take advantage of the statute of frauds by demurrer. *Bank of Commerce & Trust Co.* v. *Schooner*, 263 Mass. 199, 204–205. *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137, 138. *Weiner* v. *Lowenstein*, 314 Mass. 642, 645. *Siegel* v. *Knott*, 316 Mass. 526, 527–528. And the demurrer may be a general one and need not specifically mention the statute. *Weiner* v. *Lowenstein*, 314 Mass. 642, 645–646.

Upon inspection of the alleged memorandum marked "A" it appears *not* to be a memorandum of the agreement set forth in the bill. That agreement is alleged to have been between the plaintiff and the two defendants jointly. The alleged memorandum purports to bind the defendant Picardi alone, even if we assume, without deciding, that her designation as "Administrator" can be ignored and that she is bound personally. There is nothing in the alleged memorandum to bind the defendant Penney. If in fact the defendant Picardi signed the alleged memorandum as authorized agent for Penney as well as in her own behalf, very likely the memorandum would bind both herself and Penney. *Huntington* v. *Knox*, 7 Cush. 371, 374. *Byington* v. *Simpson*, 134 Mass. 169. *Tobin* v. *Larkin*, 183 Mass. 389, 391–392. *Jacobson* v. *Perman*, 238 Mass. 445, 448. Restatement: Agency, § 153. But nowhere is the fact of agency alleged. That fact cannot be assumed in favor of the pleader. It is his duty to plead all the primary facts necessary to make out a case. *Drew* v. *Beard*, 107 Mass. 64, 73. *Arnold* v. *Maxwell*, 223 Mass. 47, 48. *Chinese*

*American Restaurant Corp.* v. *Finigan*, 272 Mass. 360, 364. He is not helped by his bare allegation that the paper marked "A" *is* a memorandum of the agreement. That is an allegation of a conclusion involving both fact and law and is not supported but rather is belied by the particular facts alleged. If the plaintiff at a hearing on the merits should prove all the allegations of fact properly set forth in his bill, without more, he would lose his case for lack of a sufficient memorandum. The case is governed in principle by *Miller* v. *Burt*, 196 Mass. 395, and *Harrigan* v. *Dodge*, 200 Mass. 357. It is distinguishable from *Hamilton* v. *Coster*, 249 Mass. 391, where the bill alleged that the contract was signed by the defendant, and the contract on its face purported to be signed by the defendant by his attorney.

It follows in the opinion of a majority of the court that the demurrer was rightly sustained, and the bill was rightly dismissed.

*Interlocutory decree affirmed.*
*Final decree affirmed with*
*costs of appeal.*