PETER J. HATHAWAY *vs.* RICHARD D. HATHAWAY. March 27, 1975. We refuse to consider the contestant's appeal because his brief of two and one half pages is as devoid of argument concerning anything found in a 128 page transcript as was the brief described in *J. L. Vaughan Heating & Engr. Co. Inc.* v. *Cantor, ante,* 709 (1975). The brief is struck from the files. The decree allowing the will is affirmed, with double costs to the estate from January 16, 1974.

*So ordered.*

*James L. Kenney* for the contestant.
*Raymond H. Young* for the proponent.

WILLIAM H. ROCKWELL *vs.* HERTZ TRUCK RENTAL CORP. March 28, 1975. This is an action of tort for personal injuries alleged to have resulted when the plaintiff's foot broke through rotted floor boards in the body of a truck in which he was working. We consider separately the three issues raised by this appeal. 1. There was no error in any action taken by the court concerning the attendance of the "keeper of the records" of the defendant corporation because no evidence of service of a subpoena duces tecum was presented to the court. The court had granted the plaintiff all of the time he had requested to enable him to obtain such evidence, and no indication was given the court of any other action desired. The plaintiff's argument, unsupported by any authority, that the court erred in this regard is totally unpersuasive. 2. There was no error in the exclusion of two purported business records, no evidence having been presented that would satisfy the requirements of G. L. c. 233, § 78. See *Omansky* v. *Shain,* 313 Mass. 129, 132 (1943). 3. There was no error in directing a verdict for the defendant. The evidence was insufficient to warrant a finding that the defendant was the owner of the truck involved. See *Jacobs* v. *Hertz Corp.* 358 Mass. 541, 544 (1970), and cases cited. Judgment is to be entered for the defendant.

*So ordered.*

*Hubert I. Yorra* for the plaintiff.
*Philip T. Corwin* for the defendant.