ROBERT F. ROZENE *vs.* ROBERT S. SVERID.

Barnstable.    January 16, 1976. — July 20, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Civil,* Complaint.  *Frauds, Statute of.  Contract,* For sale of real estate.   *Damages,* For breach of contract.

In a complaint for specific performance and for damages resulting from the defendant's alleged breach of an agreement to sell a parcel of land to the plaintiff, allegations that the defendant owned the locus, that the parties agreed to a sale price for the land, that the defendant told the plaintiff his wife owned the property, and that the plaintiff delivered a deposit to the defendant's wife who signed an agreement to sell the locus to the plaintiff were sufficient to state a claim that the defendant had given his wife acutal authority to sign the agreement and thereby bind the defendant as an undisclosed principal.  [462-464]

In an action for specific performance and for damages resulting from the defendant's alleged breach of an agreement to sell a parcel of land to the plaintiff, the judge erred in dismissing the complaint on the ground that the Statute of Frauds had not been satisfied where

---

the defendant's failure to plead the statute or otherwise rely on it constituted a waiver of it as a defense. [465]

In an action for damages resulting from the defendant's alleged breach of an agreement to sell a parcel of land to the plaintiff, evidence that the defendant orally agreed to sell the land to the plaintiff, refused to carry out the agreement and later conveyed the locus to another required a finding that the plaintiff was entitled to the difference between the value of the property at the time the plaintiff was to have conveyance of it and the price which he had agreed to pay. [465-466]

BILL IN EQUITY filed in the Superior Court on July 19, 1972.

A demurrer was overruled by *Connolly, J.,* and the case was heard by *Travers, J.,* on a master's report.

*Charles R. Desmarais* for the plaintiff.

*Daniel J. Fern* for the defendant.

KEVILLE, J.    This is a bill for specific performance and for damages resulting from the defendant's alleged breach of an agreement to sell approximately eleven acres of land (the locus) to the plaintiff. The defendant demurred to the bill on the ground, among others, that the alleged memorandum of the agreement was insufficient to satisfy the Statute of Frauds. The trial judge overruled the defendant's demurrer. The case was submitted to a master. The judge denied the defendant's motion to recommit the master's report, and confirmed the report. He then ruled that there was no memorandum of the agreement which complied with the Statute of Frauds and ordered that a final decree enter dismissing the bill. The plaintiff appeals from the final decree so entered on June 20, 1974. The defendant appeals from the interlocutory decrees overruling his demurrer, denying his motion to recommit the master's report, and confirming the report.

1. We first consider whether the trial judge was correct in overruling the defendant's demurrer. Applying the tests with respect to the sufficiency of the pleadings embodied in the Massachusetts Rules of Civil Procedure and adopting the terminology used therein (*Charbonnier* v. *Amico,* 367 Mass. 146, 147, n. 3 [1975]; *Consumers Organization for Fair Energy Equality, Inc.* v. *Department of Pub.*

*Util.,* 368 Mass. 599, 612 [1975]; *Ciccone* v. *Smith,* 3 Mass. App. Ct. 733 [1975]), we decide that the plaintiff's complaint (bill) adequately states a claim which is not rendered unenforceable by the Statute of Frauds.[1] Mass.R.Civ.P. 8 (a), 365 Mass. 750 (1974).

The plaintiff's complaint alleged that the defendant owned the locus, and that the plaintiff discussed with the defendant the possibility of purchasing the locus. The complaint alleged that "a sale price was agreed upon in the amount of $105,000 and the Defendant told the Plaintiff that his wife was actually the owner of the property and she would be home in the morning to receive a $1,000 deposit by the Plaintiff and that a signed agreement would be turned over." The complaint further alleged that the $1,000 deposit was delivered as instructed and that the defendant's wife gave "to the plaintiff a written signed instrument" (which was annexed to the complaint and is reproduced in the margin).[2] The annexed "agreement" was signed by the plaintiff's wife.

The defense of the Statute of Frauds may be raised by a motion to dismiss (Mass.R.Civ.P. 12[b][6], 365 Mass. 755 [1974]) when the complaint shows on its face that the plaintiff's claim is based upon an oral agreement which

---

[1] If we were to test the sufficiency of the plaintiff's complaint by the law as it existed prior to the effective date of the new rules and decide that the defendant's demurrer should have been sustained, the plaintiff would still be given an opportunity to amend his complaint. The sufficiency of the amended complaint would be tested by the new rules. Mass.R.Civ.P. 1A, subpar. 2, 365 Mass. 731 (1974). Since, as we decide, the complaint already adequately states a claim under those rules, it would be unnecessary for the plaintiff to amend the complaint. In these circumstances it would be pointless to apply the rules of pleading as they existed prior to the effective date of the rules. Contrast *Harrison* v. *Textron, Inc.* 367 Mass. 540, 557-558 (1975); *Coburn* v. *Gould,* 3 Mass. App. Ct. 793 (1975).

[2]                                                             "May 8, 1972 Received from Robert F. Rozene, D.M.D. $1000 as deposit for the purchase of eleven acres presently owned by me for $105,000 bordering on Shallow Pond and route 132 in the County of Barnstable.

This sale contingent on a good record and a marketable title and adequate financing. A quick [*sic*] claim deed is to be delivered within 90 days. (signed) Mrs. P. Sverid"

is unenforceable by virtue of the statute. *Siegel* v. *Knott,* 316 Mass. 526, 527-528 (1944). *Cluff* v. *Picardi,* 331 Mass. 320, 321-322 (1954). *Continental Collieries, Inc.* v. *Shober,* 130 F. 2d 631, 635-636 (3d Cir. 1942). Wright & Miller, Federal Practice and Procedure, § 1357, pp. 607-609 (1969). The defendant argues that this is such a case because the complaint contains no allegation that the defendant's wife was authorized to sign the "agreement" annexed to the complaint. We disagree.

We believe that, in light of the more liberal standards by which pleadings are tested under the new rules (*Charbonnier* v. *Amico,* 367 Mass. 147, 152-153 [1975]; *Cox* v. *Civil Service Commn.* 3 Mass. App. Ct. 793 [1975]), the allegation that the defendant told the plaintiff that his wife owned the locus and that she would give the plaintiff a "signed agreement" together with the allegation that the following day the defendant's wife did give the plaintiff such a signed agreement sufficiently alleges that the defendant had given his wife actual authority to sign the "agreement" annexed to the complaint and thereby bind him as an undisclosed principal (see *White* v. *Dahlquist Mfg. Co.* 179 Mass. 427, 431 [1901]; *Tobin* v. *Larkin,* 183 Mass. 389, 391 [1903]), to sell the property on the terms contained therein. *Simes* v. *Rockwell,* 156 Mass. 372, 373-374 (1892). *Reid* v. *Miller,* 205 Mass. 80, 85 (1910), and cases cited. *Gordon* v. *O'Brien,* 320 Mass. 739, 741-742 (1947). Mechem, Agency, § 261, pp. 185-186; § 280, p. 200 (1914). Restatement 2d: Agency, § 22, comment b (1958). Proof of these allegations at a hearing on the merits of the case would justify a finding that the "agreement" annexed to the complaint satisfied the Statute of Frauds. Contrast *Cluff* v. *Picardi,* 331 Mass. at 323. We therefore conclude that the demurrer was properly overruled.[3] Compare *Hamilton* v. *Coster,* 249 Mass. 391, 394 (1924).

---

[3] The remaining ground of the demurrer — that the complaint contains no allegation that the plaintiff has met the contingencies mentioned in the "agreement" annexed to the complaint — has been waived by the defendant's failure to argue it.

2. The defendant did not plead the Statute of Frauds in his answer, nor does it appear from the master's report that the statute was relied upon during the hearing before the master. In these circumstances we must regard the statute as having been waived as a defense. *Livingstone* v. *Murphy,* 187 Mass. 315, 318 (1905). *McDonald* v. *Fitch,* 281 Mass. 528, 531-532 (1933). *Stoneham Five Cents Sav. Bank* v. *Johnson,* 295 Mass. 390, 393-394 (1936). *Pieczarka* v. *Pieczarka,* 328 Mass. 51 (1951). See now Mass.R.Civ.P. 8 (c), 12 (b), 15 (b), 365 Mass. 750, 755-756, 761-762 (1974). *Currier* v. *Knapp,* 442 F. 2d 422 (3d Cir. 1971). *Cohen* v. *Johnson,* 8 F.R.D. 37, 38 (M.D. Pa. 1948). The trial judge therefore erred in ordering that the bill be dismissed on the ground that the Statute of Frauds had not been satisfied. See anno. 158 A.L.R. 89, 165 (1945).

3. Finally, we reach the question of what judgment should be entered on the master's findings.[4] This court is in the same position as was the trial court with respect to drawing inferences and reaching conclusions from the subsidiary findings of the master. *Jones* v. *Gingras,* 3 Mass. App. Ct. 393, 395-396 (1975).

The only subsidiary findings which we need summarize are the following. On May 7, 1972, the defendant orally agreed to sell the locus to the plaintiff for $105,000. The defendant refused to carry out this agreement, and on June 12, 1972, he conveyed the locus to another person for $119,240.

We believe that the plaintiff, who no longer seeks specific performance of the contract, is entitled to damages for the defendant's breach of the oral agreement measured by the difference between the value of the property at the time the plaintiff was to have a conveyance of it,[5] and

---

[4] The defendant has not argued his appeals from the interlocutory decrees denying his motion to recommit the master's report and confirming the report. We therefore deem those appeals waived. *O'Brien* v. *Dwight,* 363 Mass. 256, 282 (1973). *Hathaway* v. *Hathaway,* 3 Mass. App. Ct. 727 (1975).

[5] It does not appear from the master's findings that the plaintiff and the defendant ever agreed when title was to pass. In these circum-

the price which he was then to pay. *Old Colony R.R. Corp.*
v. *Evans,* 6 Gray 25, 34-36 (1856). *Hallett* v. *Taylor,* 177
Mass. 6, 8-9 (1900). *Widebeck* v. *Sullivan,* 327 Mass. 429,
434 (1951). Williston, Contracts, § 1399 (3d ed. 1968). See
*Olszewski* v. *Sardynski,* 316 Mass. 715, 717-718 (1944).

We interpret the master's findings that the locus was
conveyed to a third person for $119,240 approximately a
month after the defendant agreed to sell it to the plaintiff
and that the defendant had thus been unjustly enriched
in the sum of $14,240 as implicit findings that the fair
market value of the property was the price for which it
was sold. See *Lembo* v. *Framingham,* 330 Mass. 461, 463
(1953); *Ramacorti* v. *Boston Redevelopment Authy.* 341
Mass. 377, 380 (1960).

The interlocutory decrees overruling the demurrer, de-
nying the defendant's motion to recommit the master's
report and confirming the master's report are affirmed.
The final decree is reversed. Judgment is to be entered for
the plaintiff in accordance with this opinion.[6]

*So ordered.*

---

stances the law will imply that it was to pass within a reasonable time.
*A.B.C. Auto Parts, Inc.* v. *Moran,* 359 Mass. 327, 329 (1971). (On the
master's findings the "agreement" annexed to the bill [see n.2] could
not bind the parties to terms not agreed upon. *Fichera* v. *Lawrence,*
312 Mass. 287, 289 [1942].)

[6] We decline to assess the plaintiff's counsel fees against the defend-
ant. This is not an appropriate case in which to depart from the gen-
eral rule that each litigant, apart from the award of statutory costs,
must assume the burden of his own expenses including counsel fees.
*Chartrand* v. *Riley,* 354 Mass. 242, 243-244 (1968). Contrast *Brancaleone*
v. *Parisi,* 3 Mass. App. Ct. 566, 573 (1975).