Welsh, J.
This is a civil action in which the plaintiff propounds two claims for relief. The first is an action upon a judgment; the second asserts that the defendant committed an actionable violation of G.L.c. 93A, §11.
The court entered judgment in favor of the plaintiff on each count and awarded attorney’s fees and costs on the 93A claim.
The defendant appeals, claiming that the court erred in determining that the conduct complained of occurred in a “business context” within the purview of G.L.c. 93A, §2.
We agree and order that judgment on the 93A count be entered in favor of the defendant.
The gist of the 93A complaint is that the defendant acted unfairly or deceptively in entering into an agreement for judgment and in agreeing to pay the judgment with the knowledge that the corporation had divested itself of assets and lacked the ability to pay the judgment in the manner promised.
The defendant had provided the site work and landscaping services at the request of the plaintiff corporation. As a result of a declining financial position and diminished revenues, the defendant was under pressure from its bank to liquidate its assets to reduce its indebtedness. The bank had a security interest in the defendant corporation’s assets as well as the residence of its principal. Attempts at “working out” were unavailing. Federal and State tax liens were placed on the corporate assets. To secure contracts from the government for land reclamation work, the principal of the defendant corporation caused a new corporation to be formed, since the governmental liens on the defendant corporation would have prevented the bonding required as a condition precedent for obtaining such con *296 tracts. With the tacit approval of the bank, assets and about half of the employees were transferred to the new corporation. A restructured loan was negotiated with personal guarantees of the corporation’s principal and a friend. The bank also received security interests in the new corporation’s accounts receivable and equipment. A rental “charge” was worked out for the equipment transferred to the new corporation. The judge found that the effect of this was to reduce the profit shown on the books for the new corporation and to show a net operating loss for the defendant corporation. In addition, inventory of the defendant corporation was syphoned off to the new corporation. Later, assets were sold to Littleton, the newly formed corporation, at a price greatly in excess of the book value. Much of this equipment was old and poorly maintained. The judge found that the purpose of these transfers was to lower the tax liability of the new corporation. Following these transfers, the defendant corporation transferred to the new corporation “trade payables” to further diminish the new corporation’s tax liability, presumably at the expense of the defendant corporation. These “trade payables” did not include debt owed by the defendant corporation to the plaintiff corporation.
In October of 1994, the parties entered into an agreement for judgment in the Ayer District Court. The cause of action was for unpaid bills which had accrued during the period of time the two corporations were in business in 1989-1990. The agreement did not include any prejudgment interest. The defendant corporation promised to “attempt” to pay the judgment at $300 per month. No payments were received. The plaintiff corporation then instituted the present action, claiming, inter alia, that the defendant violated G.L.c. 93A in entering into the agreement for judgment and in representing that it would “attempt” to pay when it had no intention to pay.
In our view, the trial judge was correct in concluding that the contractual statute of limitations, rather than the limitation period for consumer actions under 93A, was applicable. This was not a consumer action but an inter-business dispute as contemplated by G.L.c. 93A, §11. The district court does not have jurisdiction of actions under the Uniform Fraudulent Conveyances Act (G.L.c. 109), although perhaps some of the conduct described might in appropriate circumstances be a basis for relief under G.L.c. 93A, §11. The judge specifically found that the overriding purpose of the transfer of equipment to the new corporation was to avoid tax liability and not to defeat or hinder creditors’ claims.
We concur with the judge’s finding in Count One (the claim based upon the judgment in the prior action). Interest should be calculated at the statutory rate from the date of entry of the judgment in the Ayer District Court. We are constrained to part company with the trial judge’s conclusion on the 93A count as to the damages and awarding of counsel fees and costs for reasons hereinafter stated. If the judgment in the Ayer District Court was tainted by fraud or other improper conduct of the defendant, the remedy would be a motion for relief from judgment, or possibly an independent action to set aside the judgment, in that court. Rule 60 (b) (3), Mass. R. Civ. P. It would be a manifest inconsistency to allow enforcement of the judgment and at the same time permit a collateral attack upon its validity. See Fay v. Federal National Mortgage Association, 419 Mass. 782, 787-788 (1995).
The trial judge’s determination as to the 93A count is assailable in another more fundamental respect. The unfair or deceptive acts or practices declared unlawful by G.L.c. 93A, §2 (a) are those which occur in the conduct of any trade or commerce. This phrase has been construed by the appellate courts of this Commonwealth to apply only to those acts or practices which are perpetrated in a business context. See HOWARD J. ALPERIN & ROLAND F. CHASE, CONSUMER RIGHTS AND REMEDIES, 35 Mass. Practice Series: 113, p. 258; Lantner v. Carson, 374 Mass. 606, 610 (1978); Linkage Corp. v. Trustees of Boston *297 University, 425 Mass. 1, 22-23 (1997). “A person is not engaged in trade or commerce merely by exercise of contractual or legal remedies.” Begelfer v. Najarian, 381 Mass. 177, 191 (1980).
The determination of whether a particular transaction or event is one occurring in a business context within the purview of G.L.c. 93A, §2 demands a careful analysis of the circumstances on a case-by-case basis. See Yegian v. Isadore, 1985 Mass. App. Div. 156, 158. There is no “bright line” test and some deference is accorded the trial judge’s determination based upon factual inferences reasonably permissible from the evidence. Id. at 158. While perhaps no all-inclusive listing of factors is feasible, some of the important factors include the nature of the transaction, the character of the parties involved, whether similar transactions have been undertaken in the past, whether the transaction is motivated for business or personal reasons, and whether the participant played an active role in the transaction.
In this case we are not persuaded that the transaction occurred in a business context. The business relations between the plaintiff and defendant corporations had terminated some time prior to the signing of the agreement for judgment in the Ayer District Court; the action was one to collect an overdue account. It was not part of the course of business between the parties. Rather, it was implicitly a declaration that business relations between the parties were at an end. In arriving at the agreement for judgment, both parties were represented by counsel and were dealing with each other at arm’s length in the context of a judicial proceeding. They were in the exercise of their legal remedies in a judicial proceeding and not “doing business” as that phrase is commonly understood. Cf. Begelfer v. Najarian, supra, at 191. Furthermore, the breach of the agreement for judgment lacked "... an extortionate quality that gives it a rancid flavor of unfairness.” Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992). The undertaking to “attempt” to pay the agreed upon judgment at the rate of $300 per month clearly implies something short of an unequivocal obligation. Such a promise falls short of a duty, the breach of which will trigger an action under G.L.c. 93A. Since there is not a basis for liability under G.L.c. 93A, the award of attorney’s fee and an expert witness fee cannot stand and are vacated.
Judgment on the 93A count is to be entered for the defendant. The judgment as to the remaining count is affirmed.
So ordered.